**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-30322
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

VERSUS

JIM LEWIS

Defendant-Appellant

Appeal from the United States District Court
For the Eastern District of Louisiana
(95-CV-3200-G)

October 21, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Jim Lewis, #23220-034, appeals from the district court's order dismissing his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. We affirm.

Lewis argues that: (1) the Government knowingly used perjured testimony; (2) counsel was ineffective for failing to object to the

---

Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

miscalculation of his criminal history score; (3) the district court erred in failing to conduct an evidentiary hearing; and (4) the district court erred in finding that his contentions that the district court erred in refusing to award a decrease for acceptance of responsibility and in calculating his criminal history score were procedurally barred because he failed to show cause and prejudice for failing to raise the issues on direct appeal.

Lewis argues, for the first time on appeal, that the Government knowingly used perjured testimony and that counsel was ineffective for failing to object to the district court's alleged miscalculation of his criminal history score. We decline to review these arguments because there is no clear error. Highlands Ins. v. National Union Fire Ins., 27 F.3d 1027 (5th Cir. 1994) (applying the standard of United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), cert. denied, 115 S. Ct. 1266 (1995) to civil cases), cert. denied 115 S. Ct. 903 (1995).

The district court did not err in refusing to conduct an evidentiary hearing because the record is sufficient for determination of Lewis's contentions. See United States v. Drummond, 910 F.2d 284, 285 (5th Cir. 1990), cert. denied, 498 U.S. 1104 (1991).

Lewis's claims that the district court erred in refusing to award a two-level reduction for acceptance of responsibility and in allegedly miscalculating his criminal history score are not cognizable in a § 2255 proceeding because the district court's

2

application of the Sentencing Guidelines does not raise a constitutional issue.  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

AFFIRMED.